UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

CHRISTIAN CALDERON,

    Petitioner,

    v.

KEVIN HIXON, Warden,

    Respondent.

No. 2:24-cv-08206-DMG-JDE

ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED

## I.

## INTRODUCTION

On September 3, 2024,[1] Christian Calderon ("Petitioner"), a state prisoner proceeding pro se and seeking to proceed in forma pauperis, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254, challenging his 2017 conviction. Dkt. 1 ("Petition" or "Pet.").

---

[1] Under the mailbox rule, "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). In the absence of evidence to the contrary, courts have treated a petition as delivered to prison authorities on the date the petition is signed. See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Here, the undersigned affords Petitioner the benefit of the mailbox rule and deems the Petition "filed" on September 3, 2024, the date corresponding to the signature date of the Petition.

The Court reviewed the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") and finds it appears to suffer from several defects, rendering it subject to dismissal.

## II.

## PROCEDURAL HISTORY

In 2016, a Los Angeles County Superior Court jury found Petitioner guilty of first degree murder, four counts of assault with a semiautomatic firearm, and one count of shooting at an occupied vehicle. The jury also found true sentence enhancement allegations. Pet. at 2 (CM/ECF pagination); People v. Cordero, 2018 WL 2011609, at *2 (Cal. Ct. App. Apr. 30, 2018) (as modified).[2] On January 4, 2017, the trial court sentenced Petitioner to 89 years to life in state prison. Pet. at 2.

Petitioner appealed the judgment of conviction to the California Court of Appeal. Pet. at 2. In an unpublished decision dated April 30, 2018, and as modified on May 21, 2018, the court of appeal vacated all enhancements imposed and remanded the matter to afford the trial court an opportunity to correct certain enhancements and to reconsider the firearm enhancements. The judgment was affirmed in all other respects. Cordero, 2018 WL 2011609, at *9; Appellate Courts Case Information ("Appellate Courts") at https://appellatecases.courtinfo.ca.gov. Petitioner's Petition for Review was denied on August 22, 2018. Pet. at 3; Appellate Courts. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. Pet. at 5.

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of relevant state court records available electronically. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

On January 23, 2019, Petitioner filed a federal habeas petition in this Court, challenging the same 2017 conviction. See Calderon v. Robertson, Case No. 2:19-cv-00498-DMG-JEM (C.D. Cal.), Dkt. 1. That petition was ultimately dismissed without prejudice on September 9, 2019 for failure to prosecute and comply with court orders. Id., Dkt. 19, 22-23.

Meanwhile, Petitioner was resentenced. Petitioner contends that his "resentencing proceedings became denied" "[a]round May of 2022." Pet. at 8. It is unclear whether Petitioner is referring to the resentencing hearing following the remittitur or a separate hearing regarding a petition for resentencing under Cal. Penal Code § 11790.95. The superior court's online docket does not reflect any hearings in May 2022. See Los Angeles County Superior Court ("Superior Court") at https://www.lacourt.org. Based on the superior court's online docket, at the latest, all resentencing proceedings concluded by June 16, 2022. Id. Following resentencing, Petitioner did not file an appeal. Pet. at 8.

Thereafter, Petitioner collaterally challenged his conviction by constructively filing a habeas petition in the Los Angeles County Superior Court on or about July 23, 2023. Pet. at 25-33. That petition was denied on September 20, 2023. Id. at 56-57. Next, petitioner constructively filed a habeas petition in the California Court of Appeal on or about October 11, 2023. Id. at 59-65. The appellate court issued a summary denial on November 8, 2023. Id. at 67. Petitioner then constructively filed a habeas petition in the California Supreme Court on or about November 22, 2023, which was denied on April 10, 2024. Id. at 14-23, 68. Additionally, Petitioner filed one or more petitions for resentencing pursuant to Cal. Penal Code § 1170.95 in the Los Angeles County Superior Court. See Superior Courts.

/ / /

/ / /

### III.

### PETITIONER'S CLAIM

Petitioner raises a single ground for relief, asserting: "Does Petitioner have a federal due process/state created liberty interest claim -to remand in light of recent state high court case decisions, concerning insufficiency of evidence regarding malice aforethought element[?]" Pet. at 6. Petitioner contends that over a year after his resentencing proceedings concluded, the California Supreme Court "began deciding a range of cases specifically addressing the h[ei]ghten[ed] standard of culpability to find an actual killer guilty of 'First Degree Murder,'" citing People v. Schuller, 15 Cal. 5th 237 (2023); In re Lopez, 14 Cal. 5th 562 (2023); and In re Ferrell, 14 Cal. 5th 593 (2023). Id. at 8. Petitioner asserts:

> First, in Lopez, supra, the primary point conceded was the understanding that the "gang-murder special circumstance" did not "establish the elements of first degree premeditated murder under either a direct perpetrator or an aiding and abetting theory" (14 Cal.5th at p. 586). While, in-addition, in Ferrell, supra, the State's High Court denounced any findings of fact that would establish that Penal Code § 12022.53(d) would encompass "the definition of implied malice" (14 Cal.5th at pp. 603-605). While, also in Schuller, supra, the Attorney General or prosecutions role is to prove the absence of any affirmative defenses that would negate an element of malice from a charge crime (15 Cal.5th at pp. 259-261).

Id. He argues these cases addressed "the very same Penal Code §§ 188, & 189 that Legislators amended with AB1437/775, regarding the changes to the imposition of malice afterthought," creating "changes that warrant Petitioner to seek it's liberty interest in the application of proving that Petitioner had harbored the degree of malice to find [him] guilty to First Degree Murder." Id.

4

at 9. Petitioner maintains that "although [he] did file a Senate Bill 1437 petition in 2019, that was denied on June of 2022[,] [i]t was not until the California Supreme Court decided Lopez, supra, Ferrell, supra, Brown, supra, and Schuller, supra, that Petitioner's argument became ripe to file petitions within the State Court, requesting relief on the basis that malice afterthought was never proven to sustain the First Degree Murder conviction." Id. at 10.

## IV.

## DISCUSSION

Pursuant to Rule 4 of the Habeas Rules, the Court must review the Petition and, if it plainly appears from the Petition and any attached exhibits that Petitioner is not entitled to relief, the Court must dismiss the Petition. The Petition appears subject to dismissal for at least three reasons: (1) the Petition is untimely; (2) Petitioner has not clearly set forth his ground for relief; and (3) Petitioner appears to assert a non-cognizable claim.

## A.   The Petition Is Untimely

District courts are permitted to consider, sua sponte, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. Day v. McDonough, 547 U.S. 198, 209-10 (2006); Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012). Because the Petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), it is subject to the AEDPA's one-year statute of limitations, as set forth at 28 U.S.C. § 2244(d). See Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). Title 28, United States Code, Section 2244(d)(1) provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Ordinarily, the AEDPA's limitation period runs from the date on which the judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was resentenced on June 16, 2022, at the latest. Because he did not appeal from resentencing, his judgment became final 60 days later, on August 15, 2022. See Burton v. Stewart, 549 U.S. 147, 156-57 (2007) (per curiam) (observing that petitioner's limitations period did not begin to run under the AEDPA until both his conviction and sentence became final by the conclusion of direct review or the expiration of time for seeking such review); see also Cal. R. Ct. 8.308(a) ("[A] notice of appeal . . . must be filed within 60 days after the rendition of the judgment or the making of the order being appealed."); Barragan v. Koenig, 2018 WL 6004049, at *3 (C.D. Cal. Oct. 16, 2018) (finding that petitioner's judgment became final, and the AEDPA limitation

period commenced, 60 days after the time to file an appeal expired), accepted by 2018 WL 6003840 (C.D. Cal. Nov. 15, 2018). The AEDPA limitation period expired one year later on August 15, 2023.

To the extent Petitioner may contend he is entitled to a later trigger date based on recent California Supreme Court authority, this contention is without merit. Petitioner does not claim he was impeded from filing his federal petition by unconstitutional state action and thereby entitled to a later trigger date under Section 2244(d)(1)(B). "[C]hanges in state law" are not "impediments" as contemplated by Section 2244(d)(1)(B). See Torres v. Johnson, 2015 WL 5025524, at *2 (C.D. Cal. June 1, 2015) (citing Shannon v. Newland, 410 F.3d 1083, 1087-88 (9th Cir. 2005)), accepted by 2015 WL 5031940 (C.D. Cal. Aug. 24, 2015); see also Castro v. Johnson, 2023 WL 8143909, at *4 (C.D. Cal. Sept. 29, 2023), accepted by 2024 WL 130149 (C.D. Cal. Jan. 10, 2024). Similarly, Section 2244(d)(1)(C) only applies to newly recognized rights by the United States Supreme Court. See Dodd v. United States, 545 U.S. 353, 357-59 (2005) (analyzing similar provision under 28 U.S.C. § 2255); Castro, 2023 WL 8143909, at *4 (explaining that 2244(d)(1)(C) "only applies to newly recognized rights by the United States Supreme Court and does not apply to new rights recognized by a change in state law"); Guerrero v. Rackley, 2018 WL 1305635, at *3 (C.D. Cal. Feb. 12, 2018), judgment entered by 2018 WL 1305055 (C.D. Cal. Mar. 9, 2018). The state supreme court cases cited are matters of state law, and as such, Petitioner is not entitled to an alternate trigger date under Section 2244(d)(1)(C). Finally, under Section 2244(d)(1)(D), the statute of limitations runs from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The "factual predicate" in Section 2244(d)(1)(D) does not encompass mere changes in state law. See Shannon, 410 F.3d at 1088-89 ("If a change in (or clarification of) state law, by a state court, in a case in which [the

7

petitioner] was not a party, could qualify as a 'factual predicate,' then the term 'factual' would be meaningless"); <u>Castro</u>, 2023 WL 8143909, at *4.

Thus, Petitioner's conviction became final on August 15, 2022, and the AEDPA's limitation period expired one year later on August 15, 2023. As noted, Petitioner did not constructively file his Petition until September 3, 2024. Thus, absent tolling, the Petition appears untimely.

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. <u>See, e.g.</u>, <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>Zepeda v. Walker</u>, 581 F.3d 1013, 1019 (9th Cir. 2009); <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002). For the reasons discussed herein, Petitioner has not demonstrated he is entitled to sufficient tolling to render his Petition timely.

     1.    <u>Statutory Tolling</u>

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" <u>Nedds v. Calderon</u>, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Statutory tolling does not extend to the time between the date a judgment becomes final and the date the petitioner files his first state collateral challenge because during that time there is no case "pending." <u>See</u> <u>Cross v. Sisto</u>, 676 F.3d 1172, 1179 (9th Cir. 2012).

Here, Petitioner collaterally filed a state habeas petition in the Los Angeles County Superior Court on or about July 23, 2023, which was denied on September 20, 2023. Pet. at 25-33, 56-57. Since that petition was filed within the AEDPA's one-year limitations period, Petitioner is entitled to statutory tolling for the period in which it was pending. Petitioner constructively filed his next state habeas petition in the California Court of Appeal on or about October 11, 2023. That petition was denied on November

8, 2023. <u>Id.</u> at 59-65, 67. Because this petition was filed within a reasonable time, Petitioner also is entitled to gap tolling for the period of time between the denial of his first state habeas petition and the filing of the second habeas petition. <u>See</u> <u>Robinson v. Lewis</u>, 9 Cal. 5th 883, 901-02 (2020). Likewise, Petitioner is entitled to statutory tolling while his second state habeas petition was pending in the California Court of Appeal. Thus, Petitioner is entitled to statutory tolling from July 23, 2023, the date upon which his first state habeas petition was constructively filed, to November 8, 2023, when his second state habeas petition was denied. Thus, the limitations period was extended by 108 days, to December 1, 2023.

However, Petitioner is not entitled to statutory tolling for the period between the denial of the California Court of Appeal habeas petition and the subsequent denial of his state habeas petition in the California Supreme Court. The California Supreme Court denied the habeas petition, in part, because it was untimely. Pet. at 68. Since the state supreme court rejected the petition on the ground of untimeliness, it was not "properly filed" under Section 2244(d)(2). <u>See</u> <u>Pace</u>, 544 U.S. at 417 ("Because the state court rejected petitioner's [post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); <u>Lakey v. Hickman</u>, 633 F.3d 782, 786 (9th Cir. 2011) (as amended); <u>Thorson v. Palmer</u>, 479 F.3d 643, 645 (9th Cir. 2007). It makes no difference that the superior court denied the petition on alternative grounds. <u>See</u> <u>Carey v. Saffold</u>, 536 U.S. 214, 225-26 (2002); <u>Bonner v. Carey</u>, 425 F.3d 1145, 1148-49 (9th Cir. 2005), <u>amended by</u> 439 F.3d 993 (9th Cir. 2006). Further, the Court is precluded from second-guessing the correctness of the superior court's timeliness determination. <u>See</u> <u>Rudin v. Myles</u>, 781 F.3d 1043, 1054 (9th Cir. 2015) (a federal court is "not at liberty to second guess" a state court's untimeliness determination). Thus, Petitioner is not entitled to statutory tolling from the

date the California Court of Appeal denied his second state habeas petition through the date the state supreme court denied his third state habeas petition.

2.    Equitable Tolling

In addition to statutory tolling, the AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 649 (2010). In order to be entitled to equitable tolling, the petitioner must show both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented his timely filing. Id. The "threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation omitted). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." See Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (as amended).

Here, Petitioner has not asserted any facts that might warrant equitable tolling, or otherwise shown that some extraordinary circumstance prevented him from timely filing his Petition. To the extent Petitioner may contend that the recent state law warrants equitable tolling, such change in law does not constitute the requisite extraordinary circumstance warranting equitable tolling. See Shannon, 410 F.3d at 1089-90 (rejecting contention that the time between petitioner's conviction and a state court decision clarifying state law should be equitably tolled); Stroud v. Madden, 2020 WL 5055858, at *6 (S.D. Cal. Aug. 27, 2020) (rejecting contention that change in state law justified equitable tolling). Accordingly, equitable tolling does not appear to render the Petition timely.

/ / /

**B.**   **Other Defects**

The Petition suffers from at least two other defects.

First, Petitioner has not clearly set forth his claims for relief. Habeas Rules 2(c) and 4 require a statement of all grounds for relief and the facts supporting each ground, facts pointing to a real possibility of constitutional error, and show the relationship of the facts to the claim. See Habeas Rule 4, Advisory Committee Notes to 1976 Adoption; Mayle v. Felix, 545 U.S. 644, 655 (2005); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (as amended). Allegations in a petition that are vague, conclusory, palpably incredible, or unsupported by a statement of specific facts, are insufficient to warrant relief, and are subject to summary dismissal. See, e.g., Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Here, as noted, Petitioner raises a single claim, ostensibly an insufficiency of the evidence claim, relying on recent state court cases. However, he fails to provide any facts in support of his claim or explain how the recent state supreme court cases are applicable to him. Petitioner's failure to clearly set forth the legal and factual bases for his claim renders the Petition subject to dismissal on this additional ground.

Second, it is unclear whether Petitioner claims he is entitled to resentencing under Cal. Penal Code § 1172.6 (previously numbered as Cal. Penal Code § 1170.95) as he repeatedly references Senate Bills 775 and 1437. To the extent Petitioner alleges he is entitled to resentencing under Section 1172.6, such claim is not cognizable on federal habeas review. A district court may entertain a petition for writ of habeas corpus filed by a person in state custody only on the ground that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a

federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) (quoting McGuire, 502 U.S. at 67-68). Matters relating to state sentencing are governed by state law and generally are not cognizable on federal habeas review. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"); Sturm v. Cal. Adult Auth., 395 F.2d 446, 448 (9th Cir. 1967) (per curiam) ("a state court's interpretation of its statute does not raise a federal question"); Moore v. Chrones, 687 F. Supp. 2d 1005, 1040 (C.D. Cal. 2010) ("A challenge to a state court's application of state sentencing laws does not create a federal question cognizable in federal habeas review."). Federal district courts have repeatedly held that "a state court's allegedly erroneous denial of resentencing" under Cal. Penal Code § 1172.6 "does not raise an issue cognizable on federal habeas review." Walker v. Cal. Supreme Ct., 2022 WL 11337927, at *2 (C.D. Cal. Sept. 13, 2022), accepted by 2022 WL 11269388 (C.D. Cal. Oct. 13, 2022); McCavitt v. Covello, 2022 WL 17813204, at *2 (E.D. Cal. Dec. 12, 2022), adopted by 2023 WL 2602019 (E.D. Cal. Mar. 22, 2023); Carter v. Montgomery, 2021 WL 2044499, at *11 (C.D. Cal. Apr. 12, 2021) ("[A]ny entitlement to resentencing [under Senate Bill 1437] is strictly a matter of state law to which this Court must defer") accepted by 2021 WL 2042723 (C.D. Cal. May 13, 2021); see also Bradshaw v. Richey, 546 U.S. 74, 76 (2006) (per curiam) ("[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus.").

A state court's misapplication of state law may rise to the level of a due process in certain limited circumstances. Richmond v. Lewis, 506 U.S. 40, 50 (1992). But Petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." See Langford v. Day, 110 F.3d

1380, 1389 (9th Cir. 1997) (as modified); see also Cole v. Sullivan, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. 2020) (finding that petitioner failed to raise a "due process" claim by alleging erroneous application of state sentencing law to find petitioner ineligible to be resentenced under Section 1170.95). Here, the Petition vaguely references "federal due process/state created liberty interest." However, Petitioner's allegations do not facially reflect the real possibility of federal constitutional error. Petitioner's cursory reference to the Fourteenth Amendment is insufficient to transform a state-law issue into a federal one. See Langford, 110 F.3d at 1389. Thus, to the extent Petitioner seeks resentencing under Section 1172.6, Petitioner has failed to allege a cognizable claim.

**V.**

**ORDER**

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE in writing, by no later than thirty (30) days from the date of this Order, why this action should not be dismissed under Habeas Rule 4 for the reasons stated above. If Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely and provide any available competent evidence that establishes the timeliness of this action.

Alternatively, instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk is directed to provide a Notice of Dismissal form. However, the Court warns any dismissed claims may be subject to the statute of limitations under Section 2244(d)(1).

Dated: September 27, 2024

_____
JOHN D. EARLY
United States Magistrate Judge

13