UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHRISTIAN CALDERON,<br><br>    Petitioner,<br><br>    v.<br><br>KEVIN HIXON, Warden,<br><br>    Respondent. | Case No. CV 24-08206-DMG (JDE)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records and files herein, including the Petition [Doc. # 1), the Order to Show Cause issued by the assigned magistrate judge [Doc. # 4, "OSC"], Petitioner's Response to the OSC [Doc. # 5], the Report and Recommendation of the magistrate judge [Doc. # 7, "Report"], and Petitioner's Objection to the Report [Doc. # 9].

The Report recommends denial of the Petition and dismissal of this action with prejudice because the Petition is untimely. [Doc. # 7]. Petitioner's Objection to the Report [Doc. # 9] does not warrant a change to the Report's findings or recommendations.

As an initial matter, Petitioner concedes that, regardless of whether he is

entitled to statutory tolling for his third state habeas petition, his federal Petition still "was not timely filed within the margin authorized under the AEDPA's limitation." [Doc. # 9-1 at 1-2].

Nonetheless, Petitioner objects that is entitled to consideration for a "Retroactive Change of Law Condition." [Doc. # 9-1 at 2]. Petitioner cites *Bunkley v. Florida*, 538 U.S. 835, 840–41 (2003) (*per curiam*), in which the Supreme Court held that a change in state law, as part of an "evolutionary process," entitled a criminal defendant to a determination as to whether the law had been correctly interpreted at the time of his conviction. Here, however, Petitioner does not allege an evolutionary process in state law at the time of his conviction. Instead, he alleges that he is entitled to the retroactive application of a supposed change in state law regarding murder, which occurred after his conviction in 2016. [Doc. # 1 at 8; Doc. # 5 at 6; Doc. # 9-1 at 2-3]. Thus, Petitioner's reliance on *Bunkley* is unavailing. *See Bunkley*, 538 U.S. at 840 (recognizing that "retroactivity [was] not at issue" in the case) (alteration in original) (quoting *Fiore v. White*, 531 U.S. 225, 226 (2001) (*per curiam*)).

Relatedly, Petitioner objects that changes in state law prompts a "Liberty Interest and private assertion to request from the Federal District Court consideration on whether the State Court failed to apply the retroactive relief[.]" [Doc. # 9-1 at 3]. This request for consideration of the merits does not overcome the Report's threshold finding that the Petition is untimely. As the Report explained in detail, changes in state law do not entitle Petitioner to a later limitations starting date or equitable tolling. [Doc. # 7 at 7-8, 12]. Moreover, the supposed changes in state law on which Petitioner relies are inapplicable to his case. [Doc. # 9-1 at 3 (citing *In re Lopez*, 14 Cal. 5th 562, 579 (2023) (aiding and abetting); and *In re Ferrell*, 14 Cal. 5th 593, 600 (2023) (second-degree felony murder)]. Unlike the defendants in those cases,

Petitioner was convicted as an actual perpetrator of first-degree premeditated murder.  [Doc. # 7 at 2 (citing *People v. Cordero, et al.*, 2018 WL 2011609 (Cal. Ct. App. Apr. 30, 2018)].  Thus, Petitioner has not overcome the Report's finding that the Petition is untimely and that he has failed to demonstrate sufficient grounds for tolling.  Having engaged in a <u>de</u> <u>novo</u> review of those portions of the Report to which objections have been made, the Court concurs with and accepts the findings and recommendations of the Magistrate Judge.

      IT IS THEREFORE ORDERED that Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED:  November 4, 2025

                                                DOLLY M. GEE
                                    Chief United States District Judge